UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL CARTER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff(s),<br><br>v.<br><br>UNITED DEVELOPMENT FUNDING IV, HOLLIS M. GREENLAW, and CARA D. OBERT,<br><br>Defendants. | No. 3:15-cv-04030<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF UDF INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |
| THE CHARLES G. AND ROSE M. FAIRBANKS LIVING TRUST, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff(s),<br><br>v.<br><br>UNITED DEVELOPMENT FUNDING IV, HOLLIS M. GREENLAW, and CARA D. OBERT,<br><br>Defendants. | No. 3:15-cv-04055 |

| | |
|---|---|
| JAMES AND JENNIFER ANDERSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff(s),<br><br>v.<br><br>UNITED DEVELOPMENT FUNDING IV, HOLLIS M. GREENLAW, and CARA D. OBERT,<br><br>Defendants. | No. 3:16-cv-00456 |

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ........................................................................................1

II. STATEMENT OF FACTS ................................................................................................2

III. ARGUMENT.....................................................................................................................4

    A. THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES..................................................................................................................4

    B. THE UDF INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF....................................................................................................................5

        1. The UDF Investor Group is Willing to Serve as Class Representative..................................................................................................6

        2. The UDF Investor Group has the "Largest Financial Interest" ...................7

        3. The UDF Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure .........................................8

        4. The UDF Investor Group Will..................................................................10

    Fairly and Adequately Represent the Interests .......................................................10

    of the Class and is not Subject to any Unique Defenses........................................10

    C. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED .................................................................................................................10

IV. CONCLUSION................................................................................................................11

i

# TABLE OF AUTHORITIES

| **Cases** | **Pages** |
|---|---|
| *Albert Fadem Trust v. Citigroup Inc.*, 239 F. Supp. 2d 344 (S.D.N.Y. 2002) | 8 |
| *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) | 9 |
| *Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313 (S.D.N.Y. 2005) | 5 |
| *Beck v. Maximus*, 457 F.3d 291 (3d Cir. 2006) | 9 |
| *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188 (S.D.N.Y. 2008) | 4 |
| *Canson v. WebMD Health Corp.*, No. 11-cv-5382-JFK, 2011 WL 5331712 (S.D.N.Y. Nov. 7, 2011) | 8 |
| *Chilton v. Chiumento Group*, 365 Fed. App'x 298 (2d Cir. 2010) | 7 |
| *Ghodooshim v. Qiao Xing Mobile Commc'n Co., Ltd.*, No. 12-cv-9264-JSR, 2013 WL 2314267 (S.D.N.Y. May 21, 2013) | 9 |
| *Gluck v. Cellstar Corp.*, 976 F. Supp. 542 (N.D. Tex. 1997) | 8 |
| *In re Bank of Am. Corp. Sec., Deriv. and ERISA Litig.*, 258 F.R.D. 260 (S.D.N.Y. 2009) | 8 |
| *In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) | 7 |
| *In re Donkenny, Inc. Sec. Litig.*, 171 F.R.D. 156 (S.D.N.Y. 1997) | 7 |
| *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285 (2d Cir. 1992) | 8 |
| *In re Elan Corp. Sec. Litig.*, No. 02 Civ. 865 (WK) (FM), 2002 U.S. Dist. LEXIS 23162 (S.D.N.Y. Dec. 3, 2002) | 8 |
| *In re EVCI Career Colleges Holding Corp. Sec. Litig.*, No. 05-cv-10240-CM, 2007 WL 2230177 (S.D.N.Y. July 27, 2007) | 9 |

*In re GE Sec. Litig.,* No. 09 Civ. 1951 (DC),
    2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) ......................................................5

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp.2d 286 (E.D.N.Y. 1998) ................................................................................ 7, 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ........................................................................................ 8

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) ...................................................................................... 4

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990)............................................................................................ 4

*Lax v. First Merchants Acceptance Corp.*,
    1997 WL 461036 (N.D. Ill. 1997) .................................................................................... 7

*Malcolm v. Nat'l Gypsum Co.*,
    995 F.2d 346 (2d Cir. 1993).............................................................................................. 4

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008).......................................................................... 7, 11

*Xianglin Shi v. Sina Corp.*, No. 05-cv-2154-NRB,
    2005 WL 1561438 (S.D.N.Y. July 1, 2005) .................................................................... 9

## Statutes

15 U.S.C. § 78u-4(a)(3) ................................................................................................ *passim*

## Rules

Rule 23 of the Federal Rules of Civil Procedure ................................................................ *passim*

Rule 42 of the Federal Rules of Civil Procedure ......................................................................... 1

## Other Authorities

Manual for Complex Litigation (Third), § 20.123 (1995) ............................................................. 4

Jeffrey W. Stum, the Charles G. and Rose M. Fairbanks Living Trust, and William K. and Mary F. Wright (collectively, the "UDF Investor Group") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order: (1) consolidating the above-captioned related actions; (2) appointing the UDF Investor Group as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired securities of United Development Funding IV ("UDF IV" or the "Company") between June 4, 2014 and February 4, 2016, inclusive (the "Class Period"); (3) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

## I.     PRELIMINARY STATEMENT

Currently pending in this District are two federal securities class action lawsuits filed on behalf of the Class, consisting of persons, other than Defendants, who purchased or otherwise acquired securities of UDF IV during the Class Period: *Carter v. United Development Funding IV et al.*, 3:15-cv-04030 (N.D. Tex. Dec. 21, 2015) (the "Carter Action"); *The Charles G. and Rose M. Fairbanks Living Trust v. United Development Funding IV et al.*, 3:15-cv-04055 (N.D. Tex. Dec. 23, 2015) (the "Fairbanks Action"); and *Anderson et al. v. United Development Funding IV*, 3:16-cv-00456 (N.D. Tex. Jan. 7, 2016) (the "Anderson Action" and, with the Carter Action and the Fairbanks Action, the "Related Actions"). Each of the Related Actions raises substantially similar allegations: defendants violated federal securities laws by issuing false and misleading statements.

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule

23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The UDF Investor Group, with losses of approximately $305,946 in connection with its purchases of UDF IV common stock and option contracts, has the largest financial interest in the relief sought in this action. The UDF Investor Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as it is an adequate representative with claims typical of the other Class members. Accordingly, the UDF Investor Group respectfully submits that it should be appointed Lead Plaintiff.

## II.   STATEMENT OF FACTS

UDF IV is a real estate investment trust ("REIT") under the larger United Development Funding ("UDF") umbrella. The Company primarily originates, purchases, participates in, and holds for investment secured loans made directly by the Company or indirectly through its affiliates to persons and entities for the acquisition and development of parcels of real property as single-family residential lots or mixed-use master planned residential communities, for the construction of single-family homes and for completed model homes.

Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose: (1) that subsequent UDF companies provide significant liquidity to earlier vintage UDF companies, allowing them to pay earlier investors; (2) that if the funding mechanism funneling retail capital to the latest UDF company were halted, the earlier UDF companies would not be capable of standing alone, and the entire structure would likely crumble with investors left holding the bag; (3) that UDF IV provided liquidity to UDF I, UMT and UDF III, among other affiliates, further exacerbating the problem and perpetuating the scheme; (4) that, as such, Defendants were

operating a Ponzi-like real estate investing scheme; (5) that the Company was being investigated by the SEC; and (6) that, as a result of the foregoing, Defendants' statements about UDF IV's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis.

On December 10, 2015, an anonymous author under the pseudonym "Investor for Truth" published a report on UDF IV on the Harvest Exchange, an investment website. The report alleges that the Company was engaging in "Ponzi-like real estate scheme." Specifically, the report alleges that UDF IV is part of a larger family of REITs under the United Development Funding umbrella whereby:

> (1) new capital, both equity and debt, is used to fund distributions to existing investors; (2) subsequent UDF companies provide significant liquidity to earlier vintage UDF companies, allowing them to pay earlier investors; and (3) if the funding mechanism funneling retail capital to the latest UDF company is halted, the earlier UDF companies do not appear to be capable of standing alone and the entire structure will likely unravel, with investors left holding the bag.

The report also alleges that "UDF IV has since provided liquidity to UDF I, UMT and UDF III, among other affiliates, further exacerbating the problem and perpetuating the scheme" and that "Visits to actual development sites, which serve as collateral to UDF development loans, show that, in numerous instances, there is no development and the collateral is still non-income producing, raw land 2, 3, 5 (as much as 10) years after loans were issued." Finally, the report notes that UDF IV's independent registered public accounting firm, Whitley Penn LLP, declined on November 19, 2015, to stand for reappointment as the auditor for the Company.

On this news, shares of UDF IV fell $6.05 per share, or more than 35%, to close at $11.15 on December 10, 2015, on unusually heavy trading volume.

Subsequently, on December 10, after the close of trading, the Company issued a press release disclosing that it has been cooperating since April 2014 with a nonpublic fact-finding investigation being conducted by the Staff of the SEC.

On this news, shares of UDF IV fell $2.60 per share, or more than 23%, to close at $8.55 on December 11, 2015, on unusually heavy trading volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other class members have suffered significant losses and damages.

## III. ARGUMENT

### A. THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a). See also Manual for Complex Litigation (Third), § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the

4

differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4–8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law ***and*** fact. Each action is brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that defendants issued materially false and misleading statements and omissions that artificially inflated the price of UDF IV's securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 U.S. Dist. LEXIS 69133), at *5 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

### B.   THE UDF INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of a lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any

such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the UDF Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. The UDF Investor Group is Willing to Serve as Class Representative

On December 21, 2015, counsel in the first filed action caused a notice (the "Notice") to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors in UDF IV securities that they had until February 19, 2016 to file a motion to be appointed as Lead Plaintiff.  *See* PSLRA Notice, Declaration of Jeremy A. Lieberman in Support of the Motion by the UDF Investor Group for Consolidation, Appointment as Lead Plaintiff, and Approval of Counsel ("Lieberman Decl."), Ex. A.

The UDF Investor Group has filed the instant motion pursuant to the Notice, and has attached certifications attesting that its members are willing to serve as representatives for the Class and provide testimony at deposition and trial, if necessary. *See* PSLRA Certifications of the

UDF Investor Group, Lieberman Decl., Ex. B. Accordingly, the UDF Investor Group satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2. The UDF Investor Group has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 394-395 (S.D.N.Y. 2008); *In re Donkenny, Inc. Sec. Litig.*, 171 F.R.D. 156, 157 (S.D.N.Y. 1997).

As of the time of the filing of this motion, the UDF Investor Group believes that it has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[1]

During the Class Period, the UDF Investor Group (1) purchased 26,900 shares of UDF IV stock; (2) expended $481,334 on its purchases of UDF IV stock; (3) retained all of its shares of UDF IV stock; and, (4) as a result of the revelations of the fraud, suffered a loss of $305,946. *See* Loss Chart of the UDF Investor Group, Lieberman Decl., Ex. C. Because the UDF Investor Group possess the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see also Chilton v. Chiumento Group*, 365 Fed. App'x 298, 299 (2d Cir. 2010) (discussing qualifications for Lead Plaintiff

---

[1] *See also In re Olsten Corp. Sec. Litig.,* 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "*Lax-Olsten*" factors.).

7

presumption); *In re Bank of Am. Corp. Sec., Deriv. and ERISA Litig.*, 258 F.R.D. 260, 268 (S.D.N.Y. 2009).

### 3. The UDF Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also In re Elan Corp. Sec. Litig.*, No. 02 Civ. 865 (WK) (FM), 2002 U.S. Dist. LEXIS 23162, at *7 (S.D.N.Y. Dec. 3, 2002); *Albert Fadem Trust v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Canson v. WebMD Health Corp.*, No. 11-cv-5382-JFK, 2011 WL 5331712, at *4 (S.D.N.Y. Nov. 7, 2011). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997); *Olsten*, 3 F. Supp. 2d at 296 (quoting *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims are typical of the class' claims. *In re EVCI Career Colleges Holding Corp. Sec. Litig.,* No. 05-cv-10240-CM, 2007 WL 2230177, at *13 (S.D.N.Y. July 27, 2007) ("[t]ypicality does not require that the factual background of each named plaintiffs claim be identical to that of all class members.").

The claims of the UDF Investor Group are typical of those of the Class. The UDF Investor Group alleges, as do all class members, that defendants violated Federal Securities Laws by making false or misleading statements of material facts concerning UDF IV during the Class Period, or omitted to state material facts necessary to make the statements they did make not misleading. The UDF Investor Group, as did all members of the Class, purchased UDF IV shares at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have sufficient interest in the outcome of the case to ensure vigorous advocacy. *See Xianglin Shi v. Sina Corp.*, No. 05-cv-2154-NRB, 2005 WL 1561438, at *3 (S.D.N.Y. July 1, 2005); *Ghodooshim v. Qiao Xing Mobile Commc'n Co., Ltd*., No. 12-cv-9264-JSR, 2013 WL 2314267 (S.D.N.Y. May 21, 2013); *Beck v. Maximus*, 457 F.3d 291 at 296 (3d Cir. 2006) (emphasizing that the adequacy inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent," (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

The UDF Investor Group adequately represents the Class. There is no antagonism between the UDF Investor Group's interests and those of the Class, and its losses demonstrate that it has a sufficient interest in the outcome of this litigation. Moreover, the UDF Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 4. The UDF Investor Group Will Fairly and Adequately Represent the Interests of the Class and is not Subject to any Unique Defenses

The presumption in favor of appointing the UDF Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)  will not fairly and adequately protect the interest of the class; or
>
> (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The UDF Investor Group's ability and desire to fairly and adequately represent the Class has been discussed above. The UDF Investor Group is not aware of any unique defenses defendants could raise that would render it inadequate to represent the Class. Accordingly, the UDF Investor Group should be appointed Lead Plaintiff for the Class.

### C. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C.§ 78u-

4(a)(3)(B)(iii)(II)(aa). *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008) (emphasizing that the PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.").

Here, the UDF Investor Group has selected Pomerantz as Lead Counsel. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firm's resume. *See* Firm Resume of Pomerantz, Lieberman Decl., Ex. D. As a result of the firm's extensive experience in litigation involving issues similar to those raised in this action, the UDF Investor Group's counsel have the skill and knowledge which will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the UDF Investor Group's selection of Counsel, the members of the class will receive the best legal representation available.

**IV.     CONCLUSION**

For the foregoing reasons, the UDF Investor Group respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the UDF Investor Group as Lead Plaintiff; (3) approving Pomerantz as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: February 19, 2016

                                      **POMERANTZ LLP**

                                      */s/ Jeremy A. Lieberman*
                                      Jeremy A. Lieberman
                                      J. Alexander Hood II
                                      Marc Gorrie
                                      600 Third Avenue, 20th Floor
                                      New York, New York 10016

Telephone: 212-661-1100
Facsimile: 212-661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com
Email: mgorrie@pomlaw.com

Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: 312-377-1181
Facsimile: 312-377-1184
Email: pdahlstrom@pomlaw.com

*Counsel for Movants and*
*Proposed Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ**
**& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel for Movants*