UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re United Development Funding IV Securities Litigation | Master File Case No.:  3:15-cv-4030-M<br><br>(Consolidation of Civil Action Nos. 3:15-cv-04030-M, 3:15-cv-04055-M, and 3:16-cv-00456-M)<br><br>Honorable Barbara M.G. Lynn |
| MARK HAY and PAUL BROWN, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>UNITED DEVELOPMENT FUNDING IV, et al.,<br><br>            Defendants. | Civil Action No.: 4:16-cv-00188-M |

**ORDER AWARDING ATTORNEYS' FEES
AND REIMBURSEMENT OF LITIGATION EXPENSES**

This matter came on for hearing on February 15, 2019 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to

the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated August 13, 2018 (ECF No. 73-1) (the "Stipulation") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Classes of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §§ 77z-1(a)(7), 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel requests attorneys' fees in the amount of 30% of the Settlement Fund and litigation expenses of $130,189.72.  At the Settlement Hearing on February 15, 2019, the parties represented to the Court that $850,000 of the Settlement Fund comes from the settlement obtained in the shareholder derivative action, *Evans v. Greenlaw et al.*, 3:16-cv-00635-M. Because counsel for Evans contributed to obtaining the $850,000, the Court determines that Lead Counsel in this case should receive 15%, not 30%, of the $850,000.  Lead Counsel is awarded 30%

of the remaining amount of the Settlement Fund as paid, and $130,189.72 in reimbursement of Plaintiffs' Counsel's litigation expenses (which fees and expenses shall be paid from the Settlement Fund). The Court finds these sums to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded among Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution and settlement of the consolidated Action.

5. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund consisting of $10,435,725 million in cash that has been funded into escrow pursuant to the terms of the Stipulation, and an additional $3,000,000 contingent cash payment, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

(b) Copies of the Postcard Notice were mailed to over 48,258 potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not exceed 30% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $175,000. There were no objections to the requested attorneys' fees and expenses;

(c) Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) The Action raised a number of complex issues;

(e) Had Lead Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the other members of the Settlement Classes may have recovered less or nothing from Defendants;

(f) Plaintiffs' Counsel devoted over 3,262.45 hours, with a lodestar value of approximately $2,034,836.50 to achieve the Settlement;

(g) The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases; and

6. Lead Plaintiff Louis J. D'Annibale is hereby awarded $2,500, Plaintiff Paul Brown is awarded $500, and Plaintiff Mark Hay is awarded $2,500 from the Settlement Fund as reimbursement for their reasonable costs and expenses directly related to their representation of the Settlement Classes.

7. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

8. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

9. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

Dated: February 21, 2019

*[signature]*
BARBARA M. G. LYNN
CHIEF JUDGE